IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Phyllis A. Huster, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-cv-06143 |
| v. | ) | |
| | ) | Hon. Joan H. Lefkow |
| j2 Global Communication, Inc., | ) | |
| Advanced Messaging Technologies, | ) | |
| Inc., Unified Messaging Solutions, LLC, | ) | |
| Acacia Patent Acquisition LLC, and | ) | |
| Charles R. Bobo II, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT J2 GLOBAL, INC.'S
### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant j2 Global, Inc.[1] ("j2") respectfully submits this Motion to Dismiss Plaintiff Phyllis Huster's ("Huster") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that j2 is not a proper party to this cause of action.

### INTRODUCTION AND BACKGROUND[2]

Huster seeks an order pursuant to 35 U.S.C. § 256 naming her the inventor or co-inventor of nine U.S. Patents, Nos. 5,675,507, 5,870,549, 6,350,066, 6,564,321, 6,857,074, 7,895,306, 7,836,141, 7,895,313, and 7,934,148 (collectively the "Patents-in-Suit"). (Compl. ¶¶ 1, 2.) Defendant Charles R. Bobo II is named the sole inventor of each of the Patents-in-Suit. (*Id.* ¶ 6.) Huster alleges that j2 acquired the Patents-in-Suit from a company owned by Bobo in

---

[1] j2 Global, Inc. is incorrectly named in the Complaint as "j2 Global Communication, Inc."

[2] This brief factual summary is limited to allegations relevant to this motion. A complete statement of the background is included in Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) and to Strike Request for Damages under Fed. R. Civ. P. 12(f), filed concurrently herewith.

2004 and subsequently assigned them to AMT, a subsidiary of j2. (*Id*. ¶¶ 5, 17.) There is no allegation that j2 currently is the owner or exclusive licensee of the Patents-in-Suit, or that j2 has any other interest in the Patents-in-Suit, beyond being "related" to AMT. (*Id*. ¶ 3.) Therefore j2 has no economic interest in the Patents-in-Suit and is not a proper defendant in a Section 256 action. Huster's Complaint should be dismissed with prejudice as to j2.[3]

## ARGUMENT

### I. j2 IS NOT A PROPER DEFENDANT BECAUSE IT DOES NOT HAVE AN ECONOMIC INTEREST IN THE PATENTS-IN-SUIT.

Under Federal Circuit law, only a party with an economic stake in a patent may be joined as a defendant to a claim asserted under 35 U.S.C. § 256 to correct inventorship of that patent. *See Chou* v. *Univ. of Chicago*, 254 F.3d 1347, 1359 (Fed. Cir. 2001) ("We therefore conclude that parties with an economic stake in a patent's validity may be subject to a § 256 suit."). j2 has no economic stake in the Patents-in-Suit. It does not own the Patents; on the contrary, Huster alleges that "AMT is assignee of all the patents here in suit, by various assignments to it in May 2010." (Compl. ¶ 5.) Nor is there any allegation that j2 has an exclusive license to the Patents-in-Suit.

Moreover, j2 is not subject to an inventorship suit merely by virtue of the fact that a "related" company, AMT, owns the Patents-in-Suit. (*Id*. ¶ 3.) AMT is a subsidiary of j2, and a Court in this District recently held that, for purposes of determining proper defendants in a Section 256 claim, a parent company does not automatically have an economic interest in its subsidiary's patents. *See Robert Bosch LLC* v. *Trico Prods. Corp.*, 2013 U.S. Dist. LEXIS

---

[3] In addition, this action should be dismissed as to all Defendants for the reasons set forth in Defendants' Motion to Dismiss.

103311 at *14 n.5 (N.D. Ill. 2013) ("Bosch GmH is the sole owner of Bosch USA, but we are not persuaded that this is sufficient to make it a proper defendant.").

In *Robert Bosch*, Trico Products Corporation counterclaimed against both Bosch GmbH and its wholly owned subsidiary, Bosch USA, seeking a correction of inventorship pursuant to 35 U.S.C. § 256. *See Robert Bosch LLC*, 2013 U.S. Dist. LEXIS 103311 at *3. Bosch GmbH originally filed the applications for the patents at issue but later assigned the patents to Bosch USA. *See id.* at *4. The Court found that Bosch GmbH did not have an economic interest in the patent based solely on its relationship with its Bosch USA. *Id.* at *14. The Court rejected Trico's attempts to establish an economic interest with unfounded assertions that Bosch GmbH would be required to "disgorge 'ill-gotten revenue' from the patents. . . ." *Id.*

The facts in this case are indistinguishable from *Robert Bosch*. The Complaint alleges that AMT, not j2, owns of all the Patents-In-Suit. (Compl. ¶ 5.) The Complaint's only allegations regarding the relationship between j2 and AMT is that they are "related companies" and j2 originally acquired the rights to the patents in 2004 before assigning them to AMT. (*Id.* ¶¶ 3, 17.) These allegations are not enough to establish that j2 has any current economic interest in the Patents-in-Suit. *See Robert Bosch LLC*, 2013 U.S. Dist. LEXIS 103311 at *3. Because j2 does not have an interest in the Patents-In-Suit, Huster's claims against j2 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss Huster's claim against j2 with prejudice.

Dated: October 28, 2013              Respectfully submitted,

/s/William B. Berndt
Paula E. Litt
William B. Berndt
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois  60606
(312) 701-9300
(312) 701-9335 (facsimile)

Robert A. Sacks (*pro hac vice pending*)
Brian R. England (*pro hac vice*)
Edward E. Johnson (*pro hac vice pending*)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California  90067
(310) 712-6600
(310) 712-8800 (facsimile)

*Attorneys for Defendants j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

## CERTIFICATE OF SERVICE

I, William B. Berndt, an attorney, certify that the foregoing **Defendant j2 Global, Inc.'s Motion to Dismiss Plaintiff Phyllis Huster's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)** was filed electronically with the Clerk of the Court using the CM/ECF system on this 28th day of October, 2013, which will automatically send email notifications of such filing to all counsel of record.

                                          /s/William B. Berndt