# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Phyllis A. Huster, | Case No. 13-cv-06143 |
| Plaintiff, | Honorable Joan H. Lefkow |
| v. | |
| J2 Global Communication, Inc., Advanced Messaging Technologies, Inc., Unified Messaging Solutions, LLC, Acacia Patent Acquisition LLC, and Charles R. Bobo II, | |
| Defendants. | |

## DEFENDANT ACACIA RESEARCH GROUP LLC'S
## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
## MOTION TO DISMISS

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | ARGUMENT | 3 |
| | A. The Complaint Against Acacia Should Be Dismissed Because There Is No Subject Matter Jurisdiction Pursuant To Rule 12(b)(1) | 3 |
| |    1. The Complaint Should Be Dismissed Because Acacia Does Not Own Or Have An Ownership Interest In The Patents-In-Suit | 3 |
| |    2. The Complaint Should Be Dismissed Because Acacia Could Not Bring A Lawsuit To Correct Inventorship Or For Patent Infringement Because It Has No Ownership Interest In The Patents-In-Suit | 4 |
| |    3. The Parent Of A Patent Holder Is Not A Proper Defendant. | 6 |
| | B. The Complaint Against Acacia Should Be Dismissed Because It Fails To State A Claim Pursuant To Rule 12(b)(6). | 8 |
| IV. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 8

*Asius Technologies, LLC v. Sonion US, Inc.*,
  835 F.Supp.2d 554 (N.D. Ill. 2011) .......................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 8

*Chou v. University of Chicago*,
  254 F.3d 1347, 1359 (Fed. Cir. 2001) ...................................................................................... 4

*Commodity Trend Service, Inc. v. Commodity Futures Trading Com'n.*,
  149 F.3d 679 (7th Cir. 1998) .................................................................................................... 3

*DePuy, Inc. v. Zimmer Holdings, Inc.*,
  384 F.Supp.2d 1237 (N.D. Ill. 2005) *dismissed* (Fed. Cir. 2005) 161
  Fed.Appx. 948 (Posner, J, sitting by designation) ............................................................. 4, 6

*Dole Foods Co. v. Patrickson*,
  538 U.S. 468 (2003) ................................................................................................................ 6

*Fina Research S.A. v. Baroid Drilling Fluids, Inc.*,
  ("FINA I"), No. 96-1137, 1996 U.S. App. LEXIS 24233 (Fed. Cir. Sept. 16,
  1996) ........................................................................................................................................ 5

*Fina Research, S.A. v. Baroid Ltd.*,
  141 F.3d 1479 (Fed. Cir. 1998) ................................................................................................ 5

*GMP Techs., LLC v. Zicam, LLC*,
  Case No. 08 C 7077, 2009 U.S. Dist. LEXIS 115523 (N.D. Ill. Dec. 9, 2009) .................... 5, 7

*GPS Indus. v. Altex Corp.*,
  Civil Action No. 3:07-CV-0831-K, 2009 U.S. Dist. LEXIS 67480 (N.D. Tex.
  July 27, 2009) .......................................................................................................................... 6

*Kucharczyk v. Regents of the Univ. of Cal.*,
  48 F.Supp.2d 964 (N.D. Cal. 1999) ......................................................................................... 4

*Mars, Inc. v. Coin Acceptors, Inc.*,
  527 F.3d 1359 (Fed. Cir.2008) ................................................................................................. 4

*Medtronic, Inc. v. Mine Safety Appliances Co.*,
  468 F.Supp. 1132 (D. Minn. 1979) .......................................................................................... 7

LITIOC/2083104v1/101023-0033

*Merial Ltd. v. Intervet, Inc.*,
   430 F.Supp.2d 1357 (N.D. Ga. 2006) ............................................................................6

*Rite-Hite Corp. v. Kelley Co.*,
   56 F.3d 1538 (Fed. Cir. 1995) ........................................................................................4

*Robert Bosch LLC v. Trico Prods. Corp.*,
   No. 12 C 437, 2013 U.S. Dist. LEXIS 103311 (N.D. Ill. July 24, 2013) ......................8

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*,
   620 F.3d 1305 (Fed. Cir. 2010) ..................................................................................4, 6

*Top Victory Elecs v. Hitachi, Ltd.*,
   No. C 10-01579 CRB, 2010 U.S. Dist. LEXIS 125003 (N.D. Cal. Nov. 15,
   2010) ...............................................................................................................................5

**STATUTES**

35 U.S.C. § 256 ..................................................................................................................3, 4, 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ................................................................................................1, 3, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................................................2, 8

## I. INTRODUCTION

This is a lawsuit for correction of inventorship where the Plaintiff, Phyllis A. Huster ("Plaintiff" or "Huster") admits that "[Advanced Messaging Technologies, Inc.] is the assignee of all the patents here in suit . . . ." (Compl. ¶ 5.) Huster further states that Defendants United Messaging Systems ("UMS"), Advanced Messaging Technologies, Inc. ("AMT") and J2 Global Communications ("J2") are related entities. (*Id.* ¶ 3). However, the complaint contains no allegations with respect to Acacia Patent Acquisition LLC ("Acacia"),[1] other than to state that Acacia is an independent company. (*Id.* ¶ 4). Despite this, Huster sued Acacia, an entity that no longer exists, and who in any event is not a proper defendant in this action because it does not have any ownership interest or exclusive license rights to any of the patents-in-suit. In addition, it is telling that a separate lawsuit filed by UMS and AMT for patent infringement of the patents-in-suit did not include Acacia because Acacia would not be able to maintain such a suit, having no legal interest in the patents.

The present suit for correction of inventorship may only be brought against the owner of a patent or an exclusive licensee that would have standing to bring an action for patent infringement or correction of inventorship on its own. The present lawsuit cannot be maintained against Acacia because it is neither the assignee of the patents-in-suit nor an exclusive licensee. Nor is there any allegation that Acacia is related to the other defendants such that a suit against Acacia is proper.

Acacia respectfully requests that this Court grant its motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(1) for lack of subject matter jurisdiction or,

---

[1] Acacia Patent Acquisition LLC is now Acacia Research Group LLC. Therefore, the present motion is filed in the name of Acacia Research Group LLC ("Acacia") and not Acacia Patent Acquisition LLC.

-1-

alternatively, under Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state a claim. In the alternative, Acacia respectfully requests that this Court grant Defendants' motion to dismiss based on improper venue and/or that Plaintiff's claim is barred by laches as a matter of law, which is filed concurrently by Defendants UMS, AMT, J2, Acacia and Charles R. Bobo II.

## II.  STATEMENT OF FACTS

Plaintiff Huster filed the present lawsuit to correct the inventorship of nine U.S. Patents, Nos. 5,675,507, 5,870,549, 6,350,066, 6,564,321, 6,857,074, 7,895,306, 7,836,141, 7,895,313, and 7,934,148 (the "patents-in-suit"). (Compl. ¶ 1.) The complaint states that Defendants UMS, AMT and J2 are related entities. (*Id.* ¶ 3). The complaint further alleges that "AMT is assignee of all the patents here in suit, by various assignments to it in May 2, 2010." (*Id.* ¶ 5.) The complaint does not allege that Acacia owns or has any ownership interest in the patents-in-suit. Instead, the complaint alleges that Acacia is an independent company. (*Id.* ¶ 4). The complaint contains *no* further allegations with respect to Acacia's ownership in the patents-in-suit or its relationship to the other Defendants in this case. Indeed, the only other allegation containing a reference to Acacia in the entire complaint is as follows: "Mr. Bobo has received millions of dollars for assigning the patents here in suit to J2 and its affiliates and/or Acacia." (*Id.* ¶ 18.)

UMS and AMT are plaintiffs in a lawsuit pending in this Court that involves the patents-in-suit, case no. MDL 2371, Master Docket No. 12-C-6286, captioned IN RE: UNIFIED MESSAGING SOLUTIONS LLC PATENT LITIGATION ("the MDL case"). (*Id.* ¶ 5). Notably, Acacia is not a plaintiff in the MDL case.

LITIOC/2083104v1/101023-0033

## III. ARGUMENT

### A. The Complaint Against Acacia Should Be Dismissed Because There Is No Subject Matter Jurisdiction Pursuant To Rule 12(b)(1).

A complaint may be dismissed pursuant Rule 12(b)(1) for lack of subject matter jurisdiction. Here, Plaintiff alleges that subject matter jurisdiction exists under 35 U.S.C. section 256 *et seq.* (Compl. ¶ 1.) However, as will be explained more fully below, there can be no subject matter jurisdiction where, as here, an entity does not own the patents-in-suit or hold an exclusive license to use the patents-in-suit.

#### 1. The Complaint Should Be Dismissed Because Acacia Does Not Own Or Have An Ownership Interest In The Patents-In-Suit.

Plaintiff seeks declaration of sole or co-inventorship under 35 U.S.C. section 256 and a direction to the United States Patent Office for amendment of inventorship of the patents-in-suit. (Compl. ¶ 7). On a motion to dismiss pursuant to Rule 12(b)(1), the court is not required to accept the truth of the allegations in the complaint. *Commodity Trend Service, Inc. v. Commodity Futures Trading Com'n.*, 149 F.3d 679, 685 (7th Cir. 1998). Rather, the plaintiff has the obligation to establish jurisdiction by competent proof, and the court may properly look to evidence beyond the complaint to determine whether a controversy in fact exists. *Id.* (citing *Calderon v. United States*, 123 F.3d 947, 951, n. 2 (7th Cir. 1997)); *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. Ill. 1980).

LITIOC/2083104v1/101023-0033

Here, Plaintiff has not met her burden of establishing subject matter jurisdiction because Acacia does not own or have an exclusive license to use the patents-in-suit and therefore there can be no standing to sue Acacia. Indeed, the Plaintiff admits that Acacia is an independent company and that AMT is the owner of the patents-in-suit. (Compl. ¶¶ 4, 5).

2. **The Complaint Should Be Dismissed Because Acacia Could Not Bring A Lawsuit To Correct Inventorship Or For Patent Infringement Because It Has No Ownership Interest In The Patents-In-Suit.**

It is well settled that in order to have standing in a patent infringement suit, a party must be the owner or exclusive licensee of the patent-in-suit. *See, e.g., DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F.Supp.2d 1237, 1238 (N.D. Ill. 2005) *dismissed*, (Fed. Cir. 2005) 161 Fed.Appx. 948 (Posner, J, sitting by designation); *Asius Technologies, LLC v. Sonion US, Inc.*, 835 F.Supp.2d 554, 558 (N.D. Ill. 2011); *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1317 (Fed. Cir. 2010); *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008); *Fieldturf, Inc. v. Southwest Recreational Industries, Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004); *see also Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551-552 (Fed. Cir. 1995) (stating that a party must generally hold legal title to the patent or obtain all substantial rights in the patent through assignment or license in order to have standing to sue for patent infringement).

Similarly, in order to have standing to sue for correction of inventorship pursuant to Section 256, a plaintiff must have an economic stake in the patent. *Chou v. University of Chicago*, 254 F.3d 1347, 1359 (Fed. Cir. 2001); *see also Kucharczyk v. Regents of the Univ. of Cal.*, 48 F. Supp. 2d 964, 974-75 (N.D. Cal. 1999) (court found that plaintiffs

relinquished their right to sue to correct inventorship to delete an inventor when they executed an assignment of their ownership interest and concluded that the plaintiffs lacked standing because inaccuracy and a loss of pride are insufficient injuries).

Courts have held that in order for a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant must have a legal right in the patent in suit that would allow the defendant in its own right to bring a suit for infringement. *See, e.g., Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1480-481 (Fed. Cir. 1998) (finding no standing under the Declaratory Judgment Act where the declaratory-defendants could not have brought suit for infringement, because they had no legal interest in the patent in suit); *Asius Technologies*, 835 F.Supp.2d at 558 (recognizing that there is no "case of actual controversy" between a plaintiff seeking a declaratory judgment of noninfringement and a party that is not entitled to sue on the patents at issue); *GMP Techs., LLC v. Zicam, LLC*, Case No. 08 C 7077, 2009 U.S. Dist. LEXIS 115523, *6 (N.D. Ill. Dec. 9, 2009) (holding defendant owning no interest in the patents at issue would have no standing to bring a patent infringement suit against plaintiff and, therefore, is not the proper party defendant to plaintiff's declaratory action); *Top Victory Elecs v. Hitachi, Ltd.*, No. C 10-01579 CRB, 2010 U.S. Dist. LEXIS 125003, *7 (N.D. Cal. Nov. 15, 2010) ("In order for a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant must have a legal right in the patent at issue that would allow the defendant to bring suit for infringement.").

In *Fina Research S.A. v. Baroid Drilling Fluids, Inc.*, ("FINA I"), No. 96-1137, 1996 U.S. App. LEXIS 24233, *6-7 (Fed. Cir. Sept. 16, 1996), the Federal Circuit affirmed the dismissal of a declaratory judgment suit against a defendant who did not have any legal interest in the two patents-in-suit. The Federal Circuit reasoned that the

LITIOC/2083104v1/101023-0033

defendant could not sue on the patents and that therefore "it is clear that there is no 'case of actual controversy.'" *Id.*

Equally, in this case, Acacia has no legal interest in the patents-in-suit. Plaintiff's complaint admits that "AMT is assignee of all the patents here in suit." (Compl. ¶ 5.) The complaint is silent on Acacia's ownership interest in the patents-in-suit. (*Id., passim.*) Further, as noted above, a separate suit in this District involving patent infringement of the patents-in-suit, did not name Acacia as a plaintiff. This is because Acacia has no ownership interest in the patents-in-suit, as Plaintiff acknowledges. Thus, Plaintiff has not met its burden of establishing subject matter jurisdiction and Acacia's motion to dismiss should be granted.

### 3. The Parent Of A Patent Holder Is Not A Proper Defendant.

To the extent that Plaintiff argues that jurisdiction exits over Acacia because Acacia is the parent corporation of UMS, that argument too should fail. A parent corporation does not own the assets of its subsidiary simply by virtue of that relationship. *See, e.g., Dole Foods Co. v. Patrickson*, 538 U.S. 468, 474-75 (2003). For that reason, a parent corporation generally has no standing to bring an infringement suit for a patent that its subsidiary owns. *DePuy, Inc.*, 384 F.Supp.2d at 1238-240 (granting accused infringer's motion to dismiss suit brought by parent company where wholly owned subsidiary held the rights to the patent); *Spine Solutions, Inc*, 620 F.3d at 1317-318 (holding it was improper to allow a parent corporation who was not an owner or exclusive licensee to be added as a co-plaintiff); *GPS Indus. v. Altex Corp.*, Civil Action No. 3:07-CV-0831-K, 2009 U.S. Dist. LEXIS 67480, *7 (N.D. Tex. July 27, 2009) (granting motion to dismiss for lack of subject matter jurisdiction; finding parent did not have standing based on patent of wholly owned subsidiary); *Merial Ltd. v. Intervet, Inc.*,

-6-

430 F.Supp.2d 1357, 1361-363 (N.D. Ga. 2006) (granting motion to dismiss parent corporation's infringement suit; finding that "standing under the Patent Act cannot be based on the mere fact that Merial SAS is a wholly-owned subsidiary of Merial.").

For example, in *GMP Techs., LLC v. Zicam, LLC*, Case No. 08 C 7077, 2009 U.S. Dist. LEXIS 115523, *5-6 (N.D. Ill. Dec. 9, 2009), the District Court for the Northern District of Illinois granted a motion to dismiss one of the named defendants from the plaintiff's declaratory judgment action because the plaintiff had pled that the particular defendant, a parent corporation to the other named defendant, did not own the challenged patent, and, consequently, that defendant had no interest in the patent. The court stated:

> "GMP's declaratory action against Matrixx must be dismissed. A parent corporation generally has no standing to bring an infringement suit for a patent that its subsidiary owns. Declaratory noninfringement actions are mirror images of infringement suits, and so a party that lacks standing to bring an infringement suit is not the proper defendant to a declaratory noninfringement action. Matrixx, owning no interest in the patents at issue here, would have no standing to bring a patent infringement suit against GMP, and so is not the proper party defendant to GMP's declaratory action."

*Id.* (citations omitted).

Similarly, in a District of Minnesota case, *Medtronic, Inc. v. Mine Safety Appliances Co.*, 468 F.Supp. 1132, 1134 (D. Minn. 1979), the plaintiff filed a declaratory judgment suit against a subsidiary who was the sole owner of the patent in suit. *Id.* The plaintiff also filed suit against the parent company who had no ownership interest in the patent. *Id.* The court in *Medtronic* granted the parent's motion to dismiss and noted that it disposed of this motion with "relative ease." *Id.* at 1148. In reaching its decision, the court noted that plaintiffs did not dispute that the subsidiary owned the patent in suit and that the parent did not own or have a license to the patent in suit. *Id.* ("Having reviewed the record, the Court agrees and therefore finds no necessity for retaining [the parent] as a

LITIOC/2083104v1/101023-0033

party to this litigation.").

Likewise, Plaintiff's complaint is silent on Acacia's ownership interest in the patents-in-suit and in fact admits that AMT owns all interest in the patents-in-suit. (Compl. ¶ 5.) As shown above, case law is clear that a parent company that does not own the patent-in-suit should be dismissed for lack of subject matter jurisdiction. Accordingly, the Acacia's Rule 12(b)(1) motion should be granted.

### B.   The Complaint Against Acacia Should Be Dismissed Because It Fails To State A Claim Pursuant To Rule 12(b)(6).

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, a court accepts all factual allegations in the complaint as true. However, the complaint must contain more than "labels and conclusions," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and a court is not required to accept "legal conclusion[s] couched as a factual allegation," *id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A lawsuit under Section 256 for correction of inventorship must sue entities that have an ownership interest in the patent-in-suit. At least one Section 256 case in this District granted a defendant parent company's motions to dismiss for failure to state a claim where it no longer had an economic interest in the patent-in-suit. In *Robert Bosch LLC v. Trico Prods. Corp.*, No. 12 C 437, 2013 U.S. Dist. LEXIS 103311, *14-15 (N.D. Ill. July 24, 2013), the court granted a motion to dismiss the parent company Bosch Gmbh ("Bosch"), where Bosch had no economic interest in the patents-in-suit. The court declined to allow Bosch to be named as a defendant in the Section 256 case for correction

LITIOC/2083104v1/101023-0033

of inventorship even though at one time it did have an economic interest in the patent-in-suit and was the sole owner of Bosch USA, the assignee of the patents. *Id.*

The same result is warranted here.

## IV. CONCLUSION

Based on the foregoing, the Acacia respectfully request that its motion to dismiss be granted pursuant to either Rule 12(b)(1) for lack of subject matter jurisdiction or Rule 12(b)(6) for failure to state a claim. In the alternative, Acacia asks that this court grant Defendants' motion to dismiss for improper venue and/or that Plaintiff's claim is barred by laches as a matter of law which was filed concurrently by Defendants.

Dated: October 28, 2013

Respectfully submitted,

/s Julie A. Meyer

Julie Ann Meyer
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100

Marc J. Schneider (pro hac vice motion pending)
Sarah S. Brooks (pro hac vice motion pending)
STRADLING, YOCCA, CARLSON, & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100
mschneider@sycr.com
sbrooks@sycr.com
Attorneys for Defendant ACACIA RESEARCH GROUP, LLC

LITIOC/2083104v1/101023-0033

# CERTIFICATE OF SERVICE

I, Julie A. Meyer, attorney for Defendant ACACIA RESEARCH GROUP LLC, certify that the foregoing **DEFENDANT ACACIA RESEARCH GROUP LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS** was filed electronically with the Clerk of the Court using the CM/ECF system on October 28, 2013, which will automatically send email notifications of such filing to all counsel of record.

s/ Julie A. Meyer

11297073.1