-1-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Phyllis A. Huster, ) | Case No. 13-cv-06143 |
| ) | |
| Plaintiff, ) | Honorable Joan H. Lefkow |
| ) | |
| v. ) | |
| ) | |
| J2 Global Communication, Inc., ) | |
| Advanced Messaging Technologies, Inc., ) | |
| Unified Messaging Solutions, LLC, ) | |
| Acacia Patent Acquisition LLC, and ) | |
| Charles R. Bobo II, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT ACACIA RESEARCH GROUP LLC'S REPLY BRIEF IN SUPPORT OF**
**ITS MOTION TO DISMISS**

-1-

-2-

## I. INTRODUCTION

Plaintiff Phyllis Huster's ("Plaintiff" or "Huster") brief in opposition to Defendant Acacia Research Group LLC's motion to dismiss ("Defendant" or "Acacia") is half-hearted. Plaintiff's brief cites no legal authority to support its contention that mere ownership of the patents-in-suit at some time in the past would subject Acacia to a lawsuit for correction of inventorship now, at a time when it has absolutely no ownership interest in the patent. Plaintiff's opposition brief also does not address any case law cited in Acacia's opening brief, including case law which unequivocally states to the contrary that a suit against a company that once owned the patents-in-suit, but later assigned them to a subsidiary, could not be maintained for correction of inventorship. Plaintiff completely ignores this case law as well as other cases Acacia cites in support of its motion to dismiss.

Acacia respectfully asks that the Court grant its motion to dismiss pursuant to either 12(b)(1) for lack of subject matter jurisdiction or alternatively under 12(b)(6) for failure to state a claim.

## II. ARGUMENT

**A. There is No Authority To Support Plaintiff's Contention That Mere Ownership Of the Patents-In-Suit At Some Time In The Past Would Subject Acacia To A Lawsuit For Correction Of Inventorship.**

Plaintiff contends that Acacia is a proper defendant to this suit for correction of inventorship because it owned the patents-in-suit at one point in time. This is simply not correct. Plaintiff ignores the case law cited by Acacia which states unequivocally to the contrary that mere ownership of the patents-in-suit at one point in the past cannot subject a defendant to a lawsuit for correction of inventorship.

For example, this issue was addressed in *Robert Bosch LLC v. Trico Prods. Corp.*, 2013 U.S. Dist. LEXIS 103311, *14-15 (N.D. Ill. July 24, 2013) where the court granted a motion to dismiss the parent company Bosch Gmbh because it had no existing economic interest in the patent in suit. Although Bosch Gmbh previously had an ownership interest in the patents-in-suit, it assigned its interests in the patents to its wholly owned subsidiary, Bosch USA. *Id*. at 3-4. The court declined to allow Bosch Gmbh to be named as a defendant in the section 256 case for correction of inventorship even though at *one time* it did have an economic interest in the

patents-in-suit and was the sole owner of Bosch USA, the assignee of the patents-in-suit. *Id*. at 14-15.[1]

Plaintiff makes the same argument made in the *Robert Bosch* case. Its argument must fail.

### B. The Remedy for Correction of Inventorship Does Not Include Damages.

Plaintiff also contends that a suit against Acacia should be maintained because it is seeking damages from the time period during which Acacia owned the patents-in-suit. (Docket Entry ("DE") 56 at 2). However, the sole remedy in a lawsuit for correction of inventorship is alteration of inventorship, not damages. *See Chou v. Univ. of Chicago*, 254 F.3d 1347, 1357 (Fed. Cir. 2001). The *Chou* case was a correction of inventorship action, and was brought exclusively for determination of inventorship. *Id*. Therefore, the sole remedy was alteration of inventorship. *Id*. The court in *Chou* noted that a plaintiff may bring another cause of action such as for breach of contract etc. in order to seek damages. *Id*. Plaintiff has not done so here. The sole cause of action is for correction of inventorship. Therefore, Plaintiff's argument that it should be able to pursue damages from the time when Acacia owned the patent-in-suit must fail.

---

[1] Similarly, in *Schreiber Foods, Inc. v. Beatrice Cheese, Inc*., 402 F.3d 1198, 1200 (Fed. Cir. 2005), the Federal Circuit held that the plaintiff lost standing to sue for patent infringement when it assigned the patent while the case was being litigated. *Id*. at 1203. Although the plaintiff had standing at the time the action was commenced, once the assignment was completed, there was no question that plaintiff lost its "personal stake in the outcome." *Id*.

-4-

## III. CONCLUSION

Acacia respectfully asks that the Court grant its motion to dismiss pursuant to either 12(b)(1) for lack of subject matter jurisdiction or alternatively under 12(b)(6) for failure to state a claim.

Dated: February 6, 2014

                                             s/ Sarah S. Brooks

                                             Marc J. Schneider
                                             Sarah S. Brooks
                                             STRADLING, YOCCA, CARLSON, & RAUTH, P.C.
                                             660 Newport Center Drive, Suite 1600
                                             Newport Beach, CA 92660
                                             Telephone: (949) 725-4000
                                             Facsimile: (949) 725-4100
                                             mschneider@sycr.com
                                             sbrooks@sycr.com

                                             Attorneys for Defendant ACACIA RESEARCH GROUP LLC

## **CERTIFICATE OF SERVICE**

I, Marc J. Schneider, attorney for Defendant ACACIA PATENT ACQUISITION LLC, certify that the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system on February 6, 2014, which will automatically send email notifications of such filing to all counsel of record.

                 s/ Marc J. Schneider