IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Phyllis A. Huster, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-cv-06143 |
| v. | ) | |
| | ) | Hon. Joan H. Lefkow |
| j2 Global Communication, Inc., | ) | |
| Advanced Messaging Technologies, | ) | |
| Inc., Unified Messaging Solutions, LLC, | ) | |
| Acacia Patent Acquisition LLC, and | ) | |
| Charles R. Bobo II, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT J2 GLOBAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant j2 Global, Inc. ("j2") respectfully submits this Reply Memorandum in support of its Motion to Dismiss Plaintiff Phyllis Huster's ("Huster") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that j2 is not a proper party to this cause of action.

**ARGUMENT**

This is an action to correct inventorship of nine patents (the "Patents-in-Suit") under 35 U.S.C. § 256. Only a party with an economic stake in a patent may be joined as a defendant to a § 256 claim. *See Chou* v. *Univ. of Chicago*, 254 F.3d 1347, 1359 (Fed. Cir. 2001).

Huster admits that j2 does not own any of the Patents-in-Suit. (Opp. at 1-2 [Dkt. No. 56].) And, she does not argue that j2 has any other current economic interest in any of the Patents-in-Suit that could make j2 a proper defendant in this suit. (*Id.*) Instead, she argues that j2 *used to own* the Patents-in-Suit, from 2004 through 2010. (*Id.*) Huster cites no authority suggesting that a previous ownership interest is sufficient to make j2 a proper defendant, and j2

is aware of none. *Chou* holds, to the contrary, that parties "*with an economic stake* in a patent's validity may be subject to a § 256 suit." 254 F.3d at 1359 (emphasis added). Huster does not allege that j2 has an economic stake, and therefore it is not a proper defendant.

Huster also refers to her request for damages, but that request is legally deficient, as set forth in Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) and to Strike Request for Damages Under Fed. R. Civ. P. 12(f). As such, Huster's § 256 claim against j2 should be dismissed.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Huster's claim against j2 with prejudice.

Dated: February 6, 2014              Respectfully submitted,

/s/William B. Berndt
Paula E. Litt
William B. Berndt
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300
(312) 701-9335 (facsimile)

Robert A. Sacks (*pro hac vice*)
Brian R. England (*pro hac vice*)
Edward E. Johnson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 712-6600
(310) 712-8800 (facsimile)

*Attorneys for Defendants j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

## CERTIFICATE OF SERVICE

      I, William B. Berndt, an attorney, hereby certify that I caused a copy of the foregoing **Defendant j2 Global, Inc.'s Reply Memorandum in support of its Motion to Dismiss Plaintiff Phyllis Huster's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)** to be filed electronically with the Clerk of the Court using the CM/ECF system on this 6th day of February, 2014, which will automatically forward notice to all counsel of record.

                                                                              /s/ William B. Berndt