## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Phyllis A. Huster, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-cv-06143 |
| v. | ) | |
| | ) | Hon. Joan H. Lefkow |
| j2 Global Communication, Inc., | ) | |
| Advanced Messaging Technologies, | ) | |
| Inc., Unified Messaging Solutions LLC, | ) | |
| Acacia Patent Acquisition LLC, and | ) | |
| Charles R. Bobo II, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3) AND 12(b)(6) AND TO
STRIKE REQUEST FOR DAMAGES UNDER FED. R. CIV. P. 12(f)**

Defendants j2 Global, Inc. ("j2"), Advanced Messaging Technologies, Inc.

("AMT"), Unified Messaging Solutions LLC ("UMS"), Acacia Research Group LLC ("Acacia")

and Charles R. Bobo II ("Bobo;" collectively, "Defendants") respectfully submit this Reply

Memorandum in further support of their Motion to Dismiss Plaintiff Phyllis Huster's ("Huster"

or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) on the ground that

venue is improper and under Federal Rule of Civil Procedure 12(b)(6) on the ground that

Plaintiff's claim is barred by laches as a matter of law, and also to strike portions of the Prayer

for Relief under Federal Rule of Civil Procedure 12(f).

## I.     THERE IS NO BASIS FOR VENUE IN THIS DISTRICT.

As Plaintiff concedes, venue in this action is governed by 28 U.S.C. § 1391.

Plaintiff argues that venue in this District is proper because Defendants are litigating an MDL

case in this District, and therefore it will be more convenient to litigate Plaintiff's claim in this

229449_1

District.[1]  (Opp. 1-3 [Dkt. No. 57].)  Merely highlighting this tenuous connection between

Defendants and this District falls far short of meeting Plaintiff's burden of establishing that

venue is proper..  *Marzano* v. *Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 787 ("The

plaintiff bears the burden of establishing that venue is proper.").

   Section 1391 provides three bases for venue, but Plaintiff fails to identify in her

Opposition (just as she failed to allege) which of the three she believes applies to this case.

(Opp. at 2-3.)  Instead, Plaintiff summarily states that venue is proper under 28 U.S.C. § 1391(b)

because it would be convenient for the parties to litigate in this District.  (*Id.*)  First of all, this

District is not convenient for the four defendants that are located in California, two of which are

not involved in the MDL litigation.  Second, even assuming Plaintiff's statement is correct,

convenience of the parties *may* provide a basis for transferring a case to this District where venue

is otherwise proper, *see* 28 U.S.C. § 1404, but the convenience of the parties is not an

independent legal basis for establishing venue in this District.  Instead, the general venue statute

clearly defines three separate bases for establishing proper venue.  28 U.S.C. § 1391(b)(1)-(3).

Plaintiff has not even made an argument that this case falls into one of those three categories.

Thus, Plaintiff's claim should be dismissed for improper venue pursuant to Fed. R. Civ. P.

12(b)(3).[2]

---

[1] Plaintiff's Opposition improperly conflates Defendants' venue argument and Bobo's objection to personal jurisdiction.  For example, Plaintiff asserts that "Defendants admit that venue and jurisdiction are proper here if this District is where 'a substantial part of the property that is the subject of the action is situated.'"  (Opp. at 2.)  Such statements misrepresent Defendants' assertions and misstate the law as to personal jurisdiction.

[2] Plaintiff further contends that the case should be transferred under "part b-3 of 28 USC § 1391" if this Court finds that venue is not proper in this case.  Section 1391(b)(3) does not provide the basis to transfer venue.  Rather, that provision states that venue may be proper in any district where a defendant is subject to the court's personal jurisdiction if there is no district where venue would be proper.  28 U.S.C. § 1391(b)(3).  As explained

-2-

II.  **HUSTER'S CLAIM IS BARRED BY LACHES BECAUSE OF HER UNREASONABLE AND INEXCUSABLE DELAY IN FILING SUIT.**

A plaintiff may be barred from bringing a correction of inventorship suit where (1) the plaintiff unreasonably and inexcusably delays in brining suit, and (2) allowing the plaintiff to bring her suit will cause the defendant material evidentiary or economic prejudice. *Hor* v. *Chu*, 699 F.3d 1331, 1334 (Fed. Cir. 2012) (citing *A.C. Aukerman* v. *R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992)).  Delay is measured from when the purported inventor knew or *should have known* the patent issued.  *Advanced Cardiovascular Sys.*, *Inc.* v. *Scimed Life Sys., Inc.*, 988 F.2d 1157, 1161 (Fed. Cir. 1993) (emphasis added).

As set forth in Defendants' Motion to Dismiss, Plaintiff cannot avoid the conclusion that she unreasonably and inexcusably delayed in bringing her suit and that allowing her to proceed with her claim after fifteen years would cause the Defendants material prejudice. *Lennon* v. *Seaman*, 63 F. Supp. 2d 428, 439 (S.D.N.Y. 1999) (dismissal appropriate where "the defense of laches is clear on the face of the complaint" and the "plaintiff can prove no set of facts to avoid the insuperable bar").  In her Opposition, Plaintiff raises several arguments, all of which lack merit.

A.  **The Automatic Presumption of Unreasonable Delay After Six Years Is Relevant to Determining Whether Plaintiff's Fifteen Year Delay Was Reasonable.**

Plaintiff argues that because the automatic presumption of laches after six years is not dispositive on a Motion to Dismiss, the remainder of Defendants' argument regarding the

in Defendants' Motion to Dismiss, that is not the situation in this case.  (Defendants' Motion to Dismiss [Dkt. No. 37] at 7.)

presumption is irrelevant.[3]  (Opp. at 6-7 [Dkt No. 54].)  But the presumption remains highly

relevant, because it establishes a length of time that is presumed unreasonable, even if the

presumption will not automatically dismiss the Plaintiff's claim at this stage in the litigation.  *See*

*Advanced Cardiovascular*, 988 F.2d at 1163.  Where the complaint establishes that the plaintiff

delayed in bringing her suit, the Court may properly consider the presumption as an appropriate

benchmark for determining whether the length of the delay was unreasonable.  *See Ferring B.V.*

v. *Allergan, Inc.*, 932 F. Supp. 2d 493, 503 (S.D.N.Y. 2013) (referencing the six year

presumption in determining whether a period of time was unreasonable on a motion to dismiss).

Here, Plaintiff waited more than <u>fifteen years</u> after she should have known the first patent issued

in 1997, and the six year standard is certainly relevant in determining whether that delay was

unreasonable.

> **B.**     **A Reasonable Inventor Would Have Inquired About the Patents After Agreeing to File a Patent Application and Consulting an Attorney.**

Plaintiff alleges that she did not know about, or inquire about, the Patents-in-Suit

until 2010, and that she lacked any duty to inquire about the Patents-in-Suit until that time.

(Opp. at 6.)  Plaintiff's basic story is that she lost contact with Bobo and her attorney, became

busy with other employment, and simply assumed that Bobo decided not to file the patent

applications.  (*Id.* at 4-6.)  Even assuming Plaintiff's tale is true, and aside from the legal

standard on a Rule 12 motion there would be no reasonable basis to believe Plaintiff's fanciful

---

[3]     On the first page of her Opposition, Plaintiff asserts that "there is no laches ground—after 6 years or otherwise—for avoiding a 35 USC § 256 correction of inventorship action. . . ."  That assertion is unsupported and incorrect—Federal Circuit law is settled that a correction of inventorship claim may be barred by laches.  *See, e.g.*, *Hor* v. *Chu*, 699 F.3d 1331, 1334 (Fed. Cir. 2012) ("For inventorship claims under § 256, a delay of six years after a claim accrues creates a rebuttable presumption of laches."); *Advanced Cardiovascular*, 988 F.2d at 1163 ("[The presumption of laches] is equally applicable to the determination of laches in challenges to inventorship.").

tale, these facts would have "put upon a [person] of ordinary intelligence the duty of inquiry."
*Wanlass* v. *Gen. Elec. Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998) (quoting *Johnston* v. *Standard Mining Co.*, 148 U.S. 360, 370 (1893)).

      *First*, Plaintiff contends that she assumed Bobo was not pursuing the patents because he was opposed to filing any patent application in the first place. (Opp. at 3, 4, 6.) As an initial matter, Bobo's supposed hesitance is not alleged in the Complaint. But even assuming it were properly before the Court and it were true, this single additional allegation would not overcome the allegations in the Complaint that establish that Huster was on constructive notice that Bobo might seek a patent. Bobo was a sophisticated businessman with his own company in 1994. (Compl. ¶ 11.) According to Plaintiff, Bobo discussed the idea of filing a patent with Plaintiff, and they both visited the offices of an attorney to begin the process. (*Id.* ¶ 14.) Plaintiff further claims that at that meeting, Bobo and Plaintiff allegedly agreed to be co-inventors on the patent. (*Id.*) All of these allegations by Plaintiff would suggest to a reasonable person that Bobo intended to file the patent application, even if he expressed hesitation at some point in the process. *See Frugoli* v. *Fougnies*, 2004 WL 3372012 at *6-7, 74 U.S.P.Q. 2d 1716 (D. Ariz. 2004) (questioning Plaintiff's excuse for not following up on a patent application after an initial meeting with an attorney because he did understand the process for applying for a patent).

      *Second*, Plaintiff argues that she did not have a duty to inquire about the patents because Bobo and her attorney did not communicate with her after the initial meeting. (Opp. at 6.) Plaintiff claims that she attempted to contact Bobo and their attorney but neither responded to her emails or phone calls—another fact that Plaintiff alleges for the first time in her Opposition. (*Id.*) Not only does this new allegation fall short of absolving Plaintiff of her duty

to inquire about the patents, it directly contradicts her claim that she did not have a reasonable

basis for believing that Bobo would pursue the patents. If, as Plaintiff claims, she had no reason

to believe Bobo would actually file for patents, she would have no reason to attempt to contact

him about those patents. Instead of supporting Plaintiff's claim that she had no duty to inquire

about the patents, this new allegation (assuming for the moment it is true) demonstrates that

Plaintiff knew Bobo might seek patents, but made only a half-hearted effort to contact him.

When that failed, Plaintiff abandoned her efforts and apparently never checked with the PTO to

see if any patent issued. Any alleged ignorance on the part of Huster is due solely to her decision

to forego inquiring about the patents over the past fifteen years.

Moreover, despite Plaintiff's rhetoric regarding "active concealment," there is no

allegation that any defendant has attempted to hide the patents from Plaintiff over the last fifteen

years. Nor would any such allegation make sense—the patents are all publicly available on the

United States Patent and Trademark Office's website, and can easily be found by searching for

"Bobo" as the inventor. j2 has also actively and frequently pursued possible infringers of the

patents in open court, sometimes publishing press releases that were widely disseminated about

the litigation. *See In re Eastman Kodak Co.*, 479 B.R. 280, 298 (S.D.N.Y. 2012) ("[T]he public

nature of patent litigation and licensing policies can put a party on inquiry notice of its cause of

action. . . ."). Plaintiff's complaint demonstrates that she should have known about the issuance

of the Patents-in-Suit in 1997, and her delay in bringing this claim is both unreasonable and

inexcusable as a matter of law.

C. **Huster's Delay Has Prejudiced Defendants[4] Because They Have Made Substantial Investments in the Patents-in-Suit.**

In addition to being unreasonable and inexcusable, Plaintiff's complaint also establishes that allowing Plaintiff to assert her claim after fifteen years will materially and economically prejudice the Defendants. *Serdarevic*, 532 F.3d at 1360. Plaintiff argues that Defendants would not be materially prejudiced because they have not said what they would have "done differently had Ms. Huster made her claim to inventorship or co-inventorship soon after the first 'Bobo' patent issued." This claim ignores Plaintiff's own allegation that the Defendants bought or licensed the Patents-in-Suit and entered into settlement agreements based on their belief (past and current) that the Patents indicate the correct inventor. (Compl. ¶ 5.) Defendants dramatically altered their economic relationship with the Patents-in-Suit based on the presumption that Bobo was the sole inventor. Defendants also invested substantial resources to enforce the patent rights they developed. *Id.* Plaintiff's claim would significantly alter the economic relationships created by these agreements because Plaintiff potentially would have rights in the patents, contrary to the agreements Defendants entered into while Plaintiff stayed silent. Allowing Plaintiff to bring her claim now, after Defendants entered into dozens of agreements and invested money in the Patents-in-Suit, will materially prejudice the Defendants. *Expert Microsystems, Inc.* v. *Univ. of Chicago*, 712 F. Supp. 2d 1116, 1123 (E.D. Cal. 2010) (finding that evidence that defendant entered into license agreements with third parties was

---

[4]     If, as Defendants assert, the six year presumption of laches applies to Plaintiff's correction of inventorship claim, Defendants are not required to establish that they were materially and economically prejudiced by Plaintiff's delay. *Serdarevic* v. *Advanced Med. Optics*, 532 F.3d 1352, 1359 (Fed. Cir. 2008) ("Once the presumption of laches has attached, 'the [party asserting laches] could have remained *utterly mute* on the issue of prejudice and nonetheless prevailed.'"). Regardless of the presumption, however, and in the alternative, Defendants explain why Plaintiff's unreasonable and inexplicable delay has indeed materially and economically prejudiced the Defendants.

evidence of economic prejudice); *Moore* v. *Broadcom Corp.*, No. C06-05647 MJJ, 2008 WL 425932 at *7 n.4 (N.D. Cal. Feb. 14, 2008) (same).

III.    **THE COURT SHOULD STRIKE HUSTER'S REQUEST FOR RELIEF NOT AUTHORIZED BY 35 U.S.C. § 256.**

"[T]he sole relief under § 256 is to change the patent to reflect the true inventors." *Jardin* v. *Datallegro, Inc.*, No. 10-cv-2552-IEG, 2011 WL 3300152 at *7 (S.D. Cal., July 29, 2011). Huster's arguments that she can obtain relief beyond correcting inventorship are meritless.

First, Huster asserts that the Court can declare her the owner of the Patents-in-Suit because an inventor owns or co-owns the patent, absent assignment. (Opp. at 1-3 [Dkt. No. 55].) But that argument misses the point. If Huster were to succeed on her § 256 claim, she might have another cause of action that would entitle her to a declaration that she is the owner. But § 256 deals only with inventorship, not ownership. Huster concedes that the two are not the same. (Opp. at 1.)

Second, Huster argues that the Court can award damages because it sits in equity. (Opp. at 3.) But Huster cites no case supporting the proposition that the Court can award damages in the absence of a cause of action that provides a damages remedy. This failure is unsurprising as Defendants are unaware of any such supporting caselaw. Huster quotes extensively from *Chou* v. *Univ. of Chicago*, 254 F.3d 1347, 1363 (Fed. Cir. 2001), but the passage she cites is discussing an unjust enrichment claim, which Huster did not plead. Plaintiff further concedes that cases awarding damages in correction of inventorship actions also involve other causes of action. (Opp. at 4.) Nothing in *Chou* (or any other case) suggests that damages can be awarded solely under § 256. Huster as much as admits this by stating that she plans to

amend her complaint to assert different claims that would enable her to recover damages.  (*Id.* at 4.)

Third, attorneys' fees may be sought by motion under Fed. R. Civ. P. 54 (d)(2)(A), but the party must still "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d)(2)(A)(ii).  Rule 54 is procedural—it is not a substantive basis for a fees award.  35 U.S.C. § 256 does not provide for attorneys' fees to be awarded to an inventor and Plaintiff has not identified any basis for seeking attorney's fees other than a blanket statement that a Court has discretion to award them.  This portion of the prayer for relief should be stricken as well.

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss this case for improper venue and failure to state a claim, and strike Huster's request for damages.

Dated: February 6, 2014                  Respectfully submitted,

                                         /s/ William B. Berndt
                                         Paula E. Litt
                                         William B. Berndt
                                         SCHOPF & WEISS LLP
                                         One South Wacker Drive, 28th Floor
                                         Chicago, Illinois  60606
                                         (312) 701-9300
                                         (312) 701-9335 (facsimile)

                                         Robert A. Sacks (*pro hac vice to be filed*)
                                         Brian R. England (*pro hac vice*)
                                         Edward E. Johnson (*pro hac vice*)
                                         SULLIVAN & CROMWELL LLP
                                         1888 Century Park East, Suite 2100
                                         Los Angeles, California  90067
                                         (310) 712-6600
                                         (310) 712-8800 (facsimile)

                                         *Attorneys for Defendants j2 Global, Inc.
                                         and Advanced Messaging Technologies,
                                         Inc.*

                                         /s/Edward R. Nelson, III
                                         Edward R. Nelson, III
                                         Texas State Bar No. 00797142
                                         NELSON BUMGARDNER CASTO, PC
                                         3131 West 7th Street, Suite 300
                                         Fort Worth, Texas 76107
                                         (817) 377-9111
                                         enelson@nbclaw.net

                                         Timothy E. Grochocinski
                                         Illinois State Bar No. 6295055
                                         INNOVALAW, P.C.
                                         1900 Ravina Place
                                         Orland Park, IL 60462
                                         (708) 675-1974
                                         teg@innovalaw.com

                                         *Attorneys for Defendant Unified
                                         Messaging Solutions LLC*

-10-

/s/Timothy P. Maloney
Timothy P. Maloney
Jared E. Hedman
Fitch, Even, Tabin &
Flannery LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: 312-577-7000
Facsimile: 312-577-7007

*Attorneys for Defendant*
*Charles R. Bobo II*


/s/Sarah S. Brooks
Marc J. Schneider
Sarah S. Brooks
STRADLING, YOCCA, CARLSON, &
RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100
mschneider@sycr.com
sbrooks@sycr.com

*Attorneys for Defendant*
*Acacia Patent Acquisition LLC*

## CERTIFICATE OF SERVICE

I, William B. Berndt, an attorney, hereby certify that I caused a copy of the foregoing **Defendants' Reply Memorandum in Support of Motion to Dismiss Plaintiff Phyllis Huster's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6) and to Strike Request for Damages Under Federal Rule of Civil Procedure 12(f)** to be filed electronically with the Clerk of the Court using the CM/ECF system on this 6th day of February, 2014, which will automatically forward notice to all counsel of record.

/s/ William B. Berndt