IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS A. HUSTER, | ) | Civil Action No. 1:13-cv-6143 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Joan Humphrey Lefkow |
| v. | ) | |
| | ) | |
| J2 GLOBAL COMMUNICATION, INC., | ) | Magistrate Judge Gilbert |
| ADVANCED MESSAGING TECHNOLOGIES, INC., | ) | |
| UNIFIED MESSAGING SOLUTIONS, LLC, | ) | |
| ACACIA PATENT ACQUISITION LLC, AND | ) | |
| CHARLES R. BOBO II, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF CHARLES R. BOBO II'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT.........................................................................................................................2

    A. Plaintiff Failed To Demonstrate This Court's Personal Jurisdiction Over Mr. Bobo.... 2

    B. Plaintiff's "Stream Of Commerce" Argument Is Misguided. ........................................ 3

        1. This Case Involves A Correction Of Inventorship Claim — *Not* A Claim Relating To Mr. Bobo's Assignment Of His Patents. .............................................. 4

        2. Regardless Of The Relevance Of Mr. Bobo's Patent Assignment, Plaintiff's Stream Of Commerce Argument Should Still Fail. ................................................. 4

    C. The Pending MDL Case Is Irrelevant To The Personal Jurisdiction Analysis In This Case............................................................................................................................. 6

III. CONCLUSION.....................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*AFTG-TG LLC. v. Nuvoton Tech. Corp.*,
  689 F.3d 1358 (Fed. Cir. 2012) .................................................................................. 2, 4, 5

*Akro Corp. v. Luker*,
  45 F.3d 1541 (Fed. Cir. 1995) ............................................................................................ 3

*Asahi Metal Industry Co. v. Superior Court of California, Solano County*,
  480 U.S. 102 (1987)............................................................................................................ 5

*Gummow v. Cole*,
  Case No. 02-cv-1321, 2002 U.S. Dist. LEXIS 8271 (N.D. Ill. May 9, 2002) ........................ 2, 3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984).............................................................................................................. 6

*McIntyre Machinery, Ltd. v. Nicastro*,
  131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011).................................................................................. 4

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
  338 F.3d 773 (7th Cir. 2003) ............................................................................................. 3

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998) ......................................................................................... 6

I.  **INTRODUCTION**

In opposition to Defendant Mr. Charles R. Bobo's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(2) for Lack of Personal Jurisdiction (Dkt. No. 35), Plaintiff, Phyllis Huster filed a three page brief (Dkt. No. 57) which improperly combines and conflates the issues of venue (which is only part of a separate motion to dismiss joined by all named Defendants (Dkt. Nos. 36 and 37)) and Mr. Bobo's motion to dismiss for lack of personal jurisdiction. Tellingly, Plaintiff's opposition does not dispute any of the facts in Mr. Bobo's declaration (Dkt. No. 39), which demonstrate that Mr. Bobo has had no relevant jurisdictional contact with Illinois or this District. Likewise, Plaintiff does not dispute any of the law set forth in Mr. Bobo's motion. In fact, Plaintiff fails to cite a single case in opposition.

Rather than address the applicable facts or law, Plaintiff argues that the Court should proceed with the case, not because the Court has personal jurisdiction over Mr. Bobo, but because Mr. Bobo somehow put the patents "in the stream of commerce" and because they are asserted in a separate MDL case (Case No. 12-C-6286) in this District. Plaintiff also argues, without any factual or legal support, that given the co-pending MDL case, it would be "reasonable" and it would "conserve resources of the parties and the Courts" to let Plaintiff's correction of inventorship case to proceed in this Court.

As explained below, Plaintiff's arguments are unavailing and none of them establish that this Court has personal jurisdiction over Mr. Bobo. Accordingly, Mr. Bobo respectfully requests that the Court dismiss him from this case.

## II. ARGUMENT

### A. Plaintiff Failed To Demonstrate This Court's Personal Jurisdiction Over Mr. Bobo.

Plaintiff has failed to meet its burden to show that this Court may exercise personal jurisdiction over Mr. Bobo. The opposition fails to address the relevant legal standards and record evidence, all of which conclusively establish that Mr. Bobo cannot be sued here. Plaintiff did not allege any facts in her complaint that would establish this Court's personal jurisdiction over Mr. Bobo. Plaintiff also does not refute a single fact provided by Mr. Bobo in his declaration establishing that he has no relevant contacts with Illinois, its residents, or this District. As such, the facts provided by Mr. Bobo must be taken as true. *See Gummow v. Cole*, Case No. 02-cv-1321, 2002 U.S. Dist. LEXIS 8271, at *3 (N.D. Ill. May 9, 2002) ("any unrefuted facts offered by [the Fed. R. Civ. P. 12(b)(2) movant] will be accepted as true").

Plaintiff makes no attempt to show that the Court has personal jurisdiction over Mr. Bobo under the governing legal standards. Personal jurisdiction takes two forms: general and specific. General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum even when the cause of action is unrelated to those contacts. *AFTG-TG LLC. v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012). Specific jurisdiction involves a three-part test: (1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *AFTG*, 689 F.3d at 1361. Each one of these requirements must be met to establish specific personal jurisdiction over the accused.

Plaintiff does not dispute that the Court lacks general personal jurisdiction over Mr. Bobo. Indeed, Mr. Bobo's only contacts with Illinois are distant, infrequent, and personal in nature such that a person in his shoes would never contemplate having to defend himself on any

2

matter before an Illinois Court. (Dkt. No. 38, at **8-9.) *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (finding that a "few visits" to the forum state did not amount to general jurisdiction because the contacts necessary for general jurisdiction "must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [a court in the forum state] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world.") (emphases in original).

For specific personal jurisdiction to apply here, Mr. Bobo must have "purposefully directed" his activities toward Illinois residents; Plaintiff's inventorship claim must have arisen out of or relate to Mr. Bobo's activities within Illinois; and under traditional standards, Mr. Bobo's contacts with Illinois must make an assertion of personal jurisdiction reasonable and fair under the circumstances. *Akro Corp. v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995); *Gummow*, 2002 U.S. Dist. LEXIS 8271, at **8-9. Plaintiff failed to refute or distinguish any of the case law regarding specific personal jurisdiction cited in support of Mr. Bobo's motion, and cites no case law in support of its contention that the claim against Mr. Bobo should nevertheless proceed in this District. Plaintiff's silence on the subject is telling.

  **B.**  **Plaintiff's "Stream Of Commerce" Argument Is Misguided.**

Plaintiff vaguely implies that there should be specific jurisdiction over Mr. Bobo under a forced "stream of commerce" theory. Plaintiff's theory, however, is merely attorney argument that is completely unsupported by law. Plaintiff argues that Mr. Bobo placed his patents into the "stream of commerce" when he assigned them knowing that the patent could be asserted anywhere in the country; including allegedly in the MDL case here in Illinois. (Dkt. No. 57, at *1.) The argument is flawed for several reasons.

      1.      This Case Involves A Correction Of Inventorship Claim — *Not* A Claim Relating To Mr. Bobo's Assignment Of His Patents.

Plaintiff's argument must fail because this case involves Plaintiff's claim of inventorship not a dispute over Mr. Bobo's assignment of his rights. As such, the only facts relevant to specific jurisdiction over Mr. Bobo relate to inventorship related activities directed toward the residents of Illinois. There are no inventorship related facts directed to Illinois or its residents. Mr. Bobo's only contacts with Illinois were a few trips on unrelated personal matters, with the last one occurring more than 12 years ago. (Dkt. No. 39, at ¶ 5.) As such, Mr. Bobo's 2004 assignment of his patents, while in Atlanta, and the eventual assertion of patent infringement by the assignee — *not* Mr. Bobo — in the pending MDL case in this Court are irrelevant to this Court's personal jurisdiction analysis — regardless of the propriety of Plaintiff's "stream of commerce" theory.

      2.      Regardless Of The Relevance Of Mr. Bobo's Patent Assignment, Plaintiff's Stream Of Commerce Argument Should Still Fail.

Even if Mr. Bobo's Atlanta-executed assignment of his patents were somehow causally connected to Plaintiff's inventorship claim here in Illinois, which it is not, Plaintiff's stream of commerce contention would still fail.

The Supreme Court's "stream of commerce" metaphor has been applied in situations where plaintiff's claim is directed at a commercial product of the defendant and "refers to the movement of goods from manufacturers through distributors to consumers…" *McIntyre Machinery, Ltd. v. Nicastro,* 131 S. Ct. 2780, 180 L. Ed. 2d 765, 775 (2011). As recently explained by the Federal Circuit, the Supreme Court's application of the "stream of commerce" personal jurisdiction theory remains unsettled and includes two differing standards. *AFTG*, 689 F.3d at 1362. The first standard involves "consideration of foreseeability" because "[a]s long as a participant in this process is aware that the final product is being marketed in the forum State,

4

the possibility of a lawsuit there cannot come as a surprise." *Id*. (citing *Asahi Metal Industry Co. v. Superior Court of California, Solano County,* 480 U.S. 102, 112 (1987)). The second standard requires more than mere foreseeability because:

> [t]he substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.

*Id*. (citing *Asahi,* 480 U.S. at 112).

In *AFTG*, a patent infringement case involving accusations of indirect infringement, the Federal Circuit upheld the district court's dismissal for lack of personal jurisdiction because:

> AFTG's complaint represents nothing more than "bare formulaic accusation" that the defendants maintain sufficient contacts with Wyoming. This case is not a close call, regardless of how one articulates the stream of commerce theory.

*Id*. at 1365. In so doing, the Federal Circuit agreed with the district court's findings that "the complaint did not allege sufficient facts to demonstrate minimum contacts, . . . that AFTG's stream-of-commerce theory was mere conjecture, [that] AFTG merely speculated that the defendants placed accused devices into the stream of commerce, knowing they would reach Wyoming, [and that] [t]he record did not contain any evidence and the complaint did not allege any facts that demonstrated the defendants' contacts with Wyoming" *Id*. at 1361.

Thus, even if the stream of commerce theory applied here, which it does not, Plaintiff's argument would fail for the same reasons described in the *ASTG* case. Plaintiff's complaint is completely devoid of any allegation of contacts with Illinois and in fact, Mr. Bobo has no relevant contacts with Illinois. Plaintiff's stream of commerce argument is nothing more than unsupported attorney argument and conjecture. And Plaintiff cannot even speculate that Mr. Bobo knew he would ever be subject to an inventorship dispute in Illinois.

5

### C. The Pending MDL Case Is Irrelevant To The Personal Jurisdiction Analysis In This Case.

Plaintiff also asserts that because another case pending before the Court involves assertions of infringement of the same patents involved in Plaintiff's correction of inventorship claim, Plaintiff's case should be permitted to proceed in this District. The Court should reject Plaintiff's plea because Mr. Bobo is not a party to the MDL case and he was not involved in the decision to assert infringement of the patents, much less the choice to assert the patents in this District. Those decisions were made by the assignee. *See e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1362 (Fed. Cir. 1998) (noting that where a defendant does not control the "distribution channel," the stream of commerce theory is inapplicable).

The law of personal jurisdiction is clear. A proper analysis involves, at a minimum, looking at either ***the accused party's*** "continuous and systematic" contacts with the forum state or ***the accused party's*** "purposefully directed" activities toward the state's residents. As such, the actions of the infringement-asserting patent assignee cannot subject Mr. Bobo to this Court's jurisdiction in Plaintiff's correction of inventorship case. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.") (citations omitted).

Plaintiff also asserts that, in light of the pending MDL case, it would be "reasonable" to proceed with Plaintiff's claim because it would "conserve resources of the parties and the Courts." Of course, this Court may not ignore its lack of personal jurisdiction over Mr. Bobo based on considerations of judicial economy. Plaintiff's belief that requiring Mr. Bobo to litigate here would conserve resources is simply irrelevant.

### III.     CONCLUSION

For the foregoing reasons, and for the reasons set forth in Mr. Bobo's opening brief, we respectfully request that the Court grant Charles R. Bobo II's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction.


Date:   February 6, 2014                             Respectfully submitted,

                                                     s/ Timothy P. Maloney
                                                     Timothy P. Maloney
                                                     Jared E. Hedman
                                                     FITCH, EVEN, TABIN & FLANNERY LLP
                                                     120 South LaSalle Street, Suite 1600
                                                     Chicago, Illinois 60603
                                                     Telephone: 312-577-7000
                                                     Facsimile: 312-577-7007

                                                     *Attorneys for Defendant, Charles R. Bobo II*

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I hereby certify that on February 6, 2014, a copy of the foregoing **R**EPLY IN **S**UPPORT OF **C**HARLES **R**. **B**OBO **II'**S **M**OTION TO **D**ISMISS **P**URSUANT TO **F**ED. **R**. **C**IV. **P**. 12(B)(2) FOR **L**ACK OF **P**ERSONAL **J**URISDICTION was caused to be filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and by personal service to Plaintiff's counsel, Mr. James M. Falvey. Parties may access this filing through the Court's system.

*Parties receiving service electronically are as follows:*

James M. Falvey
FALVEY LAW OFFICE
200 S. Wacker Drive, Suite 3100
Chicago, IL 60606
(312) 404-5839
jimfalvey@yahoo.com
[ATTORNEY FOR PLAINTIFF, PHYLLIS A. HUSTER]

Brian R. England
englandb@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East Suite 2100
Los Angeles, CA 90067
(310) 712-6600

William Butler Berndt
berndt@sw.com
Paula Enid Litt
litt@sw.com
SCHOPF & WEISS LLP
One South Wacker Drive 28th Floor
Chicago, IL 60606
(312) 701-9300
[ATTORNEYS FOR DEFENDANTS, J2 GLOBAL COMMUNICATIONS, INC. AND ADVANCED MESSAGING TECHNOLOGIES INC.]

Timothy E. Grochocinski
teg@innovalaw.com
Aaron Ward Purser
apurser@innovalaw.com
INNOVALAW, LLC
1900 Ravinia Place
Orland Park, IL 60462
(314) 853-8146
[ATTORNEYS FOR DEFENDANT, UNIFIED MESSAGING SOLUTIONS, LLC]

Julie Ann Meyer
jameyer@arnstein.com
ARNSTEIN & LEHR, LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-6903
[ATTORNEY FOR DEFENDANT, ACACIA PATENT ACQUISITION, LLC]

    s/ Timothy P. Maloney
*One of the Attorneys for Defendant, Charles R. Bobo II*